ORIGINAL

7/17/01

FILED
HARRISBURG, PA
JUL 1 6 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN BUCKSON,                    :
             Petitioner         :
                                :

                v.            :    Civil No. 1:CV-01-0935
                                :    (Judge Rambo)

U.S. PAROLE COMMISSION, et al., :
             Respondents        :

### RESPONDENT'S RECORD IN SUPPORT
### OF ITS RESPONSE TO HABEAS CORPUS PETITION

MARTIN C. CARLSON
United States Attorney

KATE L. MERSHIMER
Assistant United States Attorney
SHELLEY L. GRANT
Paralegal Specialist
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA    17108-1754
717/221-4482

Date: July 16, 2001

## **INDEX**

Record No.

SENTRY Sentence Monitoring Computation Data................... 1

Presentence Report......................................... 5

Initial Hearing Summary.................................... 15

Notice of Action........................................... 19

Certification of Documents



```
5H     PAR31  540*23  *              SENTENCE MONITORING          *      03-03-2001
  PAGE 001            *              COMPUTATION DATA             *      05:39:51
                                     AS OF 03-03-2001


  REGNO..: 00575-007 NAME: BUCKSON, STEPHEN J


  FBI NO............: 417765X9              DATE OF BIRTH: 12-03-1963
  ARS1..............: LEW/A-DES
  UNIT..............: UNT 3-CODE            QUARTERS.....: H02-204L
  DETAINERS........: NO                     NOTIFICATIONS: NO


  THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
  THE INMATE IS PROJECTED FOR RELEASE:  LIFE

  ---------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------------

  COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
  DOCKET NUMBER..................: F 10993-88(E)
  JUDGE..........................: KESSLER
  DATE SENTENCED/PROBATION IMPOSED: 06-08-1989
  DATE WARRANT ISSUED............: N/A
  DATE WARRANT EXECUTED..........: N/A
  DATE COMMITTED.................: 04-14-2000
  HOW COMMITTED..................: DC SUPERIOR COURT COMT
  PROBATION IMPOSED..............: NO
  SPECIAL PAROLE TERM............:


              FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
  NON-COMMITTED.: $500.00      $00.00        $00.00       $00.00


  RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

  -----------------------CURRENT OBLIGATION NO: 010 ---------------------------
  OFFENSE CODE....: 695
  OFF/CHG: KIDNAPPING - 22 DCC 2101

    SENTENCE PROCEDURE............: DC CODE ADULT
    SENTENCE IMPOSED/TIME TO SERVE.: LIFE
    MINIMUM TERM..................:      15 YEARS
    DATE OF OFFENSE...............: 10-12-1986
```

```
 G0002       MORE PAGES TO FOLLOW . . .
```

R. 1



```
5H     PAR31  540*23 *         SENTENCE MONITORING          *     03-03-2001
PAGE 002          *            COMPUTATION DATA         *      05:39:51
                               AS OF 03-03-2001
```

REGNO..: 00575-007 NAME: BUCKSON, STEPHEN J

------------------------CURRENT COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 04-18-2000 AT LEW AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

```
DATE COMPUTATION BEGAN..........: 06-08-1989
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
```

```
JAIL CREDIT.....................:     FROM DATE     THRU DATE
                                      11-17-1988    06-07-1989
```

```
TOTAL JAIL CREDIT TIME..........: 203
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: 11-28-1998
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE....:..: LIFE
```

```
NEXT PAROLE HEARING DATE........: 05-07-2001
TYPE OF HEARING.................: STATUTORY INTERIM HEARING
```

```
PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE
```

```
REMARKS.......: COMPUTATION PROVIDED BY THE D. C. DEPARTMENT OF CORRECTIONS.
                PAROLE ELIGIBILITY DATE REFLECTS 15 DAYS OF EDUCATIONAL
                GOOD TIME CREDITS.
```

G0002       MORE PAGES TO FOLLOW . . .

```
5H    PAR31  540*23 *         SENTENCE MONITORING       *    03-03-2001
PAGE 003        *           COMPUTATION DATA            *    05:39:51
                            AS OF 11-17-1988
```

REGNO..: 00575-007 NAME: BUCKSON, STEPHEN J


```
FBI NO...........:                    DATE OF BIRTH: 12-03-1963
ARS1.............: LEW/A-DES
UNIT.............: UNT 3-CODE         QUARTERS.....: H02-204L
DETAINERS........: YES                NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 11-17-1988 VIA EXP W/GT

REMARKS........: FOUR (4) PENDING CASES IN DC.

------------------------PRIOR JUDGMENT/WARRANT NO: 010 ------------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: D380-88
JUDGE...........................: UNKNOWN
DATE SENTENCED/PROBATION IMPOSED: 10-27-1988
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 10-27-1988
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

```
                  FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:   $00.00         $00.00          $00.00       $10.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

------------------------PRIOR OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  695
OFF/CHG: AMMUNITION VIOLATION

```
  SENTENCE PROCEDURE.............: DC CODE ADULT
  SENTENCE IMPOSED/TIME TO SERVE.:   60 DAYS
  DATE OF OFFENSE................: N/A
```


G0002      MORE PAGES TO FOLLOW . . .

R. 3

Case 1:01-cv-00935-SHR-KH    Document 7    Filed 07/18/2001    Page 6 of 24



```
5H     PAR31  540*23 *        SENTENCE MONITORING      *     03-03-2001
PAGE 004 OF 004 *             COMPUTATION DATA         *     05:39:51
                              AS OF 11-17-1988


REGNO..: 00575-007 NAME: BUCKSON, STEPHEN J


--------------------------PRIOR COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-28-1988 AT PET MANUALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010


DATE COMPUTATION BEGAN..........: 10-27-1988
TOTAL TERM IN EFFECT............:    60 DAYS
TOTAL TERM IN EFFECT CONVERTED..:     1 MONTHS     29 DAYS


JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                     09-29-1988    10-26-1988

TOTAL JAIL CREDIT TIME..........: 28
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 5
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: UNKNOWN
STATUTORY RELEASE DATE..........: 11-17-1988
TWO THIRDS DATE.................: UNKNOWN
180 DAY DATE....................: UNKNOWN
EXPIRATION FULL TERM DATE.......: 11-27-1988


NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN


ACTUAL SATISFACTION DATE........: 11-17-1988
ACTUAL SATISFACTION METHOD......: EXP W/GT
ACTUAL SATISFACTION FACILITY....: PET
ACTUAL SATISFACTION KEYED BY....: KMS


DAYS REMAINING..................: 10
FINAL PUBLIC LAW DAYS...........: 0




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

R. 4

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
SOCIAL SERVICES DIVISION – ADULT BRANCH

PRESENTENCE REPORT

PDID No.: 332-230
Docket No.: F10993-88

Re: Steven Buckson

Date Referred: 3-24-89

To: The Honorable Gladys Kessler

Date Due: 5-5-89

From: Probation Officer Lorraine A. Abney

Sentencing Date: 5-10-89

Defendant Information:
True Name: Steven Darcell Buckson

Address: 1009 S. Carolina Ave.,
S.E. – Wash., D.C. 20003

Tel. #: 544-8328

Aliases: Steven Jones Buckson

Age/Birthdate: 25; 12-3-63   Sex: Male

Birthplace: Wash., D.C.

Time in D.C. Area: Life

Citizenship: U.S.
Alien No.: N/A

Marital Status: Single   Dependents: None

Education: 11th grade

Social Security No.: See page 2

Permit No.: None

DCDC No.: 235-268

FBI No.: 416-765-X9

Offense, Code and Penalty: Kidnapping; 22-2101; Up to Life

Plea: Guilty   Judgment: Guilty

Bond Status: Committed W/O
Bond

Detainers or Pending Charges: See Criminal Record

Co-defendants:
None                (Dkt No.):              (Status):
                    (Dkt No.):              (Status):

AUSA: Patricia Broderick

Telephone: 272-9587

Defense Counsel: Steven R. Kiersh

Telephone: 296-0436

"In accordance with the U.S. Parole Commission and Reorganization Act, Public Law
94-233, dated March 15, 1976 this report is disclosable to inmates in federal
institutions for purposes of parole consideration."

Disposition and Date:

R. 5

3

CONTACTS:

| | |
|---|---|
| 5-3-89 | Consultation with Ms. Brenda Owens, probation officer. |
| 5-4-89 | Telephoned Ms. Elizabeth Jones, mother. |
| 5-4-89 | Telephoned Ms. Essie Jones, grandmother. |
| 5-4-89 | Telephoned Ms. Patricia Broderick, AUSA. |
| 5-4-89 | Telephoned Law Offices of Kiersh and Buckman. |

OFFICIAL VERSION:

In the area was Pennsylvania Avenue and Minnesota Avenues, S.E. On 10-12-86, the complainant, a 34 year old female reported to members of the Metropolitan Police Department that she had been sexually assaulted. A member of the Sex Squad was notified and an investigation was made of the complaint. The complainant reported that she was standing in front of her home address getting ready to go to a party, when the defendant and a co-defendant drove up and offered her a ride. She accepted the ride. The co-defendant asked the complainant if he could go to the party with her. She agreed. After the co-defendant drove for a short distance, he stopped and told the defendant to get out. He stated to her that he wanted to talk to her. The defendant got out and the co-defendant asked the complainant to accompany him to his home so he could suck her breast. The complainant refused. She told the co-defendant if that was the condition for giving her the ride then she would get out. The co-defendant told the complainant that this was the condition. He went on to say that he would still take her to the party. The complainant stayed in the van. She remained in the van because she stated that she knew the co-defendant from vending in her neighborhood. She also stated that she trusted him. The co-defendant had also introduced the defendant to the complainant as Steve. The defendant returned to the van and they drove off. As the co-defendant drove, the defendant grabbed the complainant around the neck and forced her into the rear of the van. He got on top of her. He produced a knife. He placed the knife to the complainant's throat and told her to open her legs. The complainant refused. The defendant then began beating the complainant about the head and the body. He told her that if she didn't open her legs he would kill her. The complainant cooperated and the defendant forced the complainant to submit to vaginal intercourse against her will. When the defendant finished, the co-defendant stopped the van, got into the back with the complainant and tried to place his penis in the complainant's vagina. The effort was without success. During the assault, the complainant suffered broken teeth and a broken jaw.

R. 6

4

**OFFICIAL VERSION:**  (continued)

In July 1988, a witness to the assault, identified Steve as Steven Buckson and gave the Metropolitan Police the co-defendant's address. On August 19, 1988, the complainant was shown an array of photos that consisted of nine Metropolitan Police D.C. identification photos. One of the photos that was among the other eight was a photo of Mr. Steven Darcell Buckson. The complainant viewed the array and when she came to the photo of Steven Buckson, she stated, "That looks like him more than anyone else." Based on the aforementioned facts the affiant believes that probable cause exist and therefore a request for an arrest warrant be issued for the arrest of Mr. Steven Darcell Buckson.

**DEFENDANT'S VERSION:**

The defendant said, "I feel that I was set up. I admit being there, but I did not initiate the incident. My cousin, Michael, is known for paying people off with drugs and money to lie. Furthermore, the complainant did not report this incident for four days. Michael then turned himself in. He told me that he would leave me out of it all together. He also told Wanda that he would pay her some money on Monday for her trouble. Wanda is known for having sex in exchange for money and drugs."

**PRIOR CRIMINAL RECORD:**

Juvenile - Washington, D.C.

| | | | |
|---|---|---|---|
| 3-17-75 | Robbery | Dismissed | DCJu/Prior PSI |
| 8-27-78 | Burglary II | No petition | "   " |
| 10-1-79 | Attempt Robbery | Dismissed | "   " |
| 12-13-79 | Destruction of Property Over $200 | Prob. 5-20-80 to 2-25-81 | "   " |
| 3-4-81 | Preludin Sale | Dismissed | "   " |
| 11-18-81 | Tampering With Auto | Dismissed | "   " |

Adult - Washington, D.C.

| | | | |
|---|---|---|---|
| 11-9-81 | Robbery F07362-81A | Dismissed 1-5-82 | DCSC/FBI |

5

PRIOR CRIMINAL RECORD:   (continued)

| | | | |
|---|---|---|---|
| 6-18-85 | Theft Second Degree<br>M10027-85A | No papered 6-19-85 | DCSC/FBI |
| | Taking Property<br>Without Right (Ct. B) | Nolled 2-13-86 | "   " |
| 6-23-85 | Assault With Deadly<br>Weapon<br>F04583-85A | No papered 6-24-85 | "   " |

Prince George's County, Maryland

| | | | |
|---|---|---|---|
| 1-5-86 | Disorderly<br>MD0140-86 | 2 yrs. prob., expired<br>3-18-88 due to viol. | Prior PSI |

Washington, D.C.

| | | | |
|---|---|---|---|
| 2-4-88 | UCSA, Possession With<br>Intent to Distribute<br>Cocaine<br>M01312-88A | No papered 2-4-88 | DCSC |
| | UCSA, Possession of<br>Cocaine (Ct. B) | Nolled 3-15-88 | DCSC |
| | Attempt Possession<br>of Cocaine (Ct. C) | 1 yr. ESS, 18 mos.<br>prob. 5-4-88 | DCSC |
| 2-8-88 | Ammunition Violation<br>D00380-88A | 60 days confinement<br>10-27-88 | DCSC |
| 2-8-88 | UCSA, Possession of<br>Cocaine<br>M01432-88A | Nolled 3-15-88 | DCSC |
| | UCSA, Attempt<br>Possession of Cocaine<br>(Ct. B) | 1 yr. ESS, 18 mos.<br>prob. 5-4-88 | DCSC |
| 2-13-88 | UCSA, Possession With<br>Intent to Distribute<br>Cocaine<br>M01634-88A | No papered 2-15-88 | DCSC |
| | UCSA, Possession of<br>Cocaine (Ct. B) | Nolled 3-15-88 | DCSC |

6

PRIOR CRIMINAL RECORD:   (continued)

| | | | |
|---|---|---|---|
| 9-15-88 | Theft Second Degree M10665-88A | Nolled 3-17-89 | DCSC |
| 10-12-86 | Rape While Armed F10993-88A | Indicted/closed 9-29-89 | DCSC |
| | Armed Kidnapping (Ct. B) | Plea to lesser included offense 3-24-89 | DCSC |
| | Rape While Armed (Ct. C) | Continued 5-10-89 | DCSC |
| | Assault With Intent to Rape While Armed (Ct. D) | To be dismissed at sentencing | DCSC |
| | Kidnapping (Ct. E) | INSTANT OFFENSE | DCSC |

PROBATION/PAROLE/PRE-DISPOSITION ADJUSTMENT:

Records indicate that Mr. Buckson was afforded the benefit of a 24 month term of probation on 3-18-86 in Prince George's County, Maryland for Disorderly Conduct. The supervision was transferred to D.C. His adjustment was assessed as poor. Furthermore, he was rearrested 2-4-88, 2-8-88 and 2-13-88. He was also involved in the commission of the Instant Offense 10-12-86, just seven months after being placed on community supervision. Records further reflect that he was once again given the benefit of an 18 month term of community supervision 5-4-88 in docket M0143-88A and docket M01432-88B. During the presentence investigation interview he was cooperative with this writer.

EMPLOYMENT HISTORY:

1985 to 1986
Scott Security
3241 Rhode Island Avenue
Mt. Rainier, Maryland
Position/Salary: Security guard/$4.55 per hour
Reason for leaving: The defendant states he was riffed.
Verification: Unable to verify

7

EMPLOYMENT HISTORY:   (continued)

September 1986 to March 1987
Major Construction Company
211 Kennedy St., N.W.
Washington, D.C. 20011
Position/Salary:  Laborer/$6 per hour
Phone:  723-8227

COMMENTS: This writer telephoned the above mentioned company and a Mr.
Burke reported that defendant Buckson did work for his company during
the reported time frame that is given above.

June 1987 to September 1987
National Airport/Washington Flyers
National Airport
Position/Salary:  Mechanic's helper/$4 per hour
Reason for leaving:  Another job
Verification:  Unable to verify
Phone:  Unknown

COMMENTS: According to Mr. Buckson, he could not recall the telephone
number or any other pertinent information regarding this place of
employment.

September 1987 to February 1988
Maiden Lane Parking Service
Address: Unknown
Position/Salary:  Defendant stated he was an assistant manager and a
parking attendant earning $200 per week.
Reason for leaving:  Staff cut back
Verification:  Unable to verify
Phone:  735-1774

COMMENTS: This writer telephoned the number that was given by the
defendant.  It was an incorrect non-working number.


SOCIAL HISTORY:

### Family History:

    Mr. Steven Darcell Buckson, 25, is the first born of Ms.
Elizabeth Jones.  She has four other children who are presently
attending school.  They are Timothy Jones, 18 who is a senior at
Mackin Senior High School and he is scheduled to graduate June 1989;
Sharnetta Jones, 17, attends Eastern Senior High School;  Rubin, 15,
and Persian Jones, 14, both females, attend Hine Junior High. The
defendant appears to be the only member of the family known to the

8

SOCIAL HISTORY:   (continued)

### Family History  (continued)

criminal justice system.  It was also reported that none of the other
siblings are involved in the illicit use of substances.  Ms. Essie
Jones, the grandmother of this family, is the matriarch because Ms.
Elizabeth Jones suffered a nervous breakdown three years ago.
Therefore, it was absolutely necessary for Ms. Essie Jones to become
the head of this household.

### Education/Training

Defendant Buckson reported that he completed the 11th grade at
Duke Ellington Senior High School.  He further stated that he was
involved in April 1985 in the Woodstock Job Corps Center that is
located in Baltimore, Maryland.  According to him, he did not acquire
his GED while with the Job Corps.

### Military

Mr. Buckson stated that he does not have any military experience.

### Marital Status and Living Arrangements

Defendant Buckson reported that he is single and he denies
fathering any children.  According to him, when he is in the community
he lives at the address of record with his mother, grandmother, and
other siblings.

### Financial Status

He advised this writer that he does not have any outstanding debts
and/or available assets of any consequence at this time.

### Health

He reported that he has both good mental health and good physical
health.

9

SOCIAL HISTORY:    (continued)

## Substance Use/Abuse

The defendant admitted that the only illicit substance that he has
ingested is crack cocaine. According to him, he began his crack
cocaine usage in 1987. He went on to say that his illicit substance
abuse has contributed to his demise. Furthermore, to date, he has not
been involved with any substance abuse treatment program.

EVALUATION AND DIAGNOSIS:

Mr. Steven D. Buckson is a 25 year old Washington, D.C. resident
who is before the Court for sentencing after pleaing    guilty on 3-24-
89 to Kidnapping. Defendant Buckson was given the benefit of community
supervision on two separate occasions. Records do verify that to date
he has violated each term. He is scheduled to appear before the
Honorable Evelyn Queen 5-22-89 to Show Cause in dockets M1432-88 and
M1312-88. It appears that on May 4, 1988, the Honorable Evelyn Queen
imposed one year consecutive sentences after the defendant's
conviction. That              execution of sentence suspended and the
defendant was placed on 18 months probation. The Instant Offense
represents his 10th adult arrest and his fifth adult conviction.
During this presentence investigation he was cooperative.

According to Mr. Buckson, he had steady employment from 1985
through February 1988, on four different job sites. This writer could
not verify but one place of employment.

In regards to substance use and/or abuse he admitted that he has
ingested crack cocaine since 1987. Mr. Buckson further reported that
crack cocaine is the only illicit substance that he has ever used. He
further stated that his illicit substance abuse has caused him to
become involved in the commission of criminal offenses, including the
Instant Offense. According to him, he has not ever been involved with
any substance abuse treatment programs. The defendant did state to
this writer that he now understands that he must become a substance
free individual.

After taking into account all of the information available during
this presentence investigation, this writer has concluded that
defendant Buckson is not a good candidate for community supervision.



10

**TREATMENT PLAN:**

(1)  Forensic evaluation and screening.

(2)  On-going appropriate mental health counseling.

(3)  Long term in-patient substance abuse treatment and education.

(4)  Routine urine surveillance.

(5)  Vocational training and counseling.

(6)  Obtain/maintain full-time employment.

11

RECOMMENDATION:

Incarceration is respectfully recommended.

INTENSIVE PROBATION SUPERVISION ELIGIBILITY:

The defendant is not eligible for assessment by the Intensive Probation Supervision Program.

Respectfully submitted,

Lorraine A. Abney
Probation Officer
879-4243

Approved by:

Frankie McNeil-Bright
Supervisory Probation Officer
879-4240

LAA/

R. 14

## INITIAL HEARING SUMMARY

**Name:** . . . . . . . . . BUCKSON, Stephen                    **2/3 or MR Date:** . . . . .

**Reg No:** . . . . . . . 00235 + 268                          **Projected MR Date:** . .

**Hearing Date:** . . . 9/21/98                                **Full Term Date:** . . . . .

**Institution:** . . . . . NOCC                                **Months in Custody:** . .

**Examiner:** . . . . . . Kenneth Walker                              **As Of:** . . .

                                                              **Severity Rating:** . . . . .

                                                              **Salient Factor Score:** .

                                                              **Guideline Range:** . . . .

**Recommended Release    After Service of    Months**

---

I.   The panel has discussed the prisoner's point assignment work sheet, salient factor score and the re-hearing guidelines with the prisoner. The prisoner contests the description of the offense behavior. He admitted the salient factor score and the point assignment.

Subject did indicate that he was not the individual who had raped the victim noting that it was his cousin. He noted that his cousin was approximately 10-12 years older than he was at the time and that he believes that his cousin paid off the victim and therefore implicating him. He indicated that his cousin had a previous conviction in 1974 for raping a person for which he was convicted and served a significant period of custody. Subject admitted that he was there at the time of the incident, but he did not physically attack the victim, nor did he rape the victim as reported. Mr. Buckson related that perhaps he could have used better judgement in regard to trying to assist the victim when his cousin attacked her, but he did not. He indicated that he truly regrets what happened to the victim and he wishes that he had the ability to return to that day and to undo what was done.

The subject was asked when he was arrested for a Theft II charge, why he gave the wrong name, he indicated that he had been arrested on some other charges while on probation and was afraid that if he gave the right name, then he would be held accountable for those arrests. Subject indicated that he was not aware that he was even wanted for the theft until 2 years later. Mr. Buckson indicated that Detective Brown did contact him concerning this offense, but he did not call them back because his cousin stated that he would tell the officials exactly what occurred and that he would not be involved.

II.  **Modifications, Additions, Corrections from Prehearing Assessment:**

BUCKSON.002                                                    Page 1 of 4

Yes.

The reviewer counted 1 prior commitment which is believed for the offense that occurred on 2/8/88 in which the subject was charged with ammunition violation and received 60 days custody. This was part of the subject's initial conduct, in addition, 60 days confinement occurred after the initial conduct in this case. Furthermore, the subject received 0 points for item D. It appears that the subject should receive 1 point. This will give the subject a total of 6 points under the SFS. In turn, this will place the subject in a good risk category.

## III.    Point Assignment Factors:

### Salient Factor Score:

A = 1   Subject has 3 prior convictions:

1. 12/13/79 - Destruction of Property Over $200; probation period.
2. 1/5/86 - Disorderly Conduct; 2 years probation.
3. 2/4/88 - Attempted Possession of Cocaine; 18 months probation.

B = 2   Subject has 0 prior commitments.

C = 2   Subject was 22 years old at the commencement of the current offense and has 0 prior commitments.

D = 1   Subject has no prior commitment.

E = 0   Subject was on probation for 2 years beginning 1/5/86.

F = 0   Subject was not 41 years of age.

Total Score  6

### Current or Prior Violence:

Subject received 2 points.

### Death of Victim or High Level Violence:

Subject received 3 points.

Based Point Score  6 (total of 1-3) and re-hearing guideline range is 18-24 months.

## IV.  Negative Institutional Behavior:

BUCKSON.002

Subject received 1 point for this. The subject had a Class II infraction on 7/6/97 for fighting. He received 20 days for disciplinary segregation. Subject indicated that he and another inmate got into a confrontation because he was approached by this inmate after the inmate stated to him that he was a snitch. Mr. Buckson explained that he was to testify in a case that occurred some years ago because another inmate stabbed an inmate 9 times and word got out that he was to testify on behalf of the government.

Another incident occurred on 8/19/93 in which the subject was charged with assault on another inmate. This incident occurred while the subject was in maximum security at Lorton. Subject noted that this incident was never processed because he and the other inmate received some abrasions. He questioned the subject about a puncture wound that the other inmate received to the back of his head. Subject indicated that he was not aware of this. He indicated that he was the one who received the wound to the head. There was no disposition in the subject's institutional file concerning this particular incident. However, the subject was described as the aggressor. This was based on a letter dated 8/19/93.

## V.    Program Achievement:

Subject has been involved in numerous programs. The subject received a -1 point for this section. Subject has been enrolled in a therapeutic group session since October, 1997 and has completed numerous self-help type of programs. Subject has completed several NA/AA groups which he has been involved in since 1991. Also, subject has received numerous certificates for his participation in the prison seminar (fellowship program). Subject has taken several courses in computers and also has completed numerous life skill programs. Subject submitted a letter from his fiance and employment letter from a prospective employer.

Total Point Score  6

## VI.    Release Plans:

Subject plans to reside with his fiance at 2610 Crest Avenue, Cheverly, Maryland. In regard to employment, subject has tentative employment with the Malone and Malone Construction Company located in Washington, DC.

## VII. Representative:

Subject indicated that he wanted his case manager to appear, but was unable to locate the case manager and indicated that he wished to proceed.

## VIII. Risk:

Based on the subject's instant offense, he does appear to be a more serious risk than reflected by the 6 SFS.

BUCKSON.002                                                    Page 3 of 4

## IX.  Evaluation:

Subject was involved in a very extreme and brutal crime noting that the victim was kidnapped, subsequently raped and physically assaulted.  The victim's jaw was broke and she had a tooth dislodged.  Till today', the subject denied any involvement in the rape/kidnapping noting that his cousin was the one who committed the act.  Although the subject appears to be programming very well, this raises a great deal of concern that the subject, to this day, continues to deny any involvement in the crime other than being present.

## X.    Panel Recommendation:

It is recommended that the subject be denied parole and that a re-hearing be done in September, 2003.  This will be 3 years above the top of his re-hearing guidelines of 18-24 months.  Based on the crime, it appears that an extensive period of time is warranted before a re-hearing is conducted.

LRW
October 15, 199

BUCKSON.002

Page 4 of 4

**U.S. Department of Justice**     **Notice of Action**

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name: BUCKSON, Stephen

Register Number: 00235+268          Institution: Youngstown Facility

---

In the case of the above-named, the following parole action was ordered:

Deny parole.  Continue for a rehearing in November, 2003, after the service of 60 months from your parole eligibility date of November 28, 1998.

THE ABOVE DECISION IS NOT APPEALABLE.

**REASONS**:

Base Point Score:  6
Total Point Score: 6

Under the guidelines for D.C. Code offenders at initial hearings, your Total Point Score includes 1 point for negative institutional behavior and includes a deduction of 1 point for ordinary program achievement.

The guidelines for adult offenders at initial hearings indicate that parole should not be granted at this time.   After consideration of all factors and information presented, a departure from the guidelines at this consideration is not warranted.

With your Base Point Score of 6, the rehearing guidelines indicate that you should be scheduled for a rehearing within 18-24 months from your parole eligibility date.  After consideration of all factors and information presented, a departure from the rehearing guidelines at this consideration is warranted for the following reasons.  You are a more serious risk than indicated by your Salient Factor Score in that your crime involved extreme cruelty in that not only was the victim raped, but she was assaulted to the point that her jaw was broken and some teeth were broken.

See the attached sheet for your individual item points and explanations of the Salient Factor Score, Base Point Score and Total Point Score.  The tables at the bottom of the sheet present the parole and rehearing guidelines.

Date: November 6, 1998                                          Clerk: adc

| Your Pts | SFS-98 Item Explanations | SALIENT FACTOR SCORE (SFS-98) |
|---|---|---|

**Your Pts**  **SFS-98 Item Explanations**  **SALIENT FACTOR SCORE (SFS-98)**

1. . . . . A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

2. . . . . B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

2. . . . . C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

1. . . . . D - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0. . . . . E - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0. . . . . F - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

6. . . . . **Salient Factor Score (SFS-98)** (sum of points for A-F above)

**Your Pts**  **Total Point Score Item Explanations**  **TOTAL POINT SCORE**

+1. . . . I - Contribution from Salient Factor Score
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

+2. . . . II - Current or Prior Violence
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

+3. . . . III - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder = +2; Current offense was other high level violence = +1

6. . . . Base Point Score (sum I-III above)

+1. . . . IV - Negative Institutional Behavior
Negative institutional behavior involving: (1) assault upon a correctional staff member with bodily harm inflicted or threatened; (2) possession of a deadly weapon, (3) setting a fire so as to risk human life, (4) introduction of drugs for purposes of distribution, or (5) participating in a violent demonstration or riot = +2; Other negative institutional behavior = +1

-1. . . . V - Program Achievement
Ordinary program achievement = -1; Superior program achievement = -2

6. . . . **Total Point Score** (sum of Base Point Score and points for IV and V above)

| Adult Parole/Supervision Guidelines | | | Rehearing Guidelines | | Points For SFS Item C | | | |
|---|---|---|---|---|---|---|---|---|
| Total Point Score | Initial Hearing | Rehearing | Base Point Score | Months to Rehearing | Age | Prior Commitments | | |
| | | | | | | 0-3 | 4 | 5+ |
| 0 | Grant Parole Low Supv | Parole With Highest Level of Supervision | 0-4 | 12-18 | 26 & Up | 3 | 2 | 1 |
| 1 | Grant Parole High Supv | | 5-8 | 18-24 | 22-25 | 2 | 1 | 0 |
| 2 | Grant Parole Highest Supv | | 9 | 22-28 | 20-21 | 1 | 0 | 0 |
| 3 | Deny Parole | | 10 | 26-32 | 0-19 | 0 | 0 | 0 |
| 4+ | | Deny Parole | | | | | | |

Date: November 6, 1998

Clerk: adc

## CERTIFICATE

I, SHARON GERVASONI, Attorney in the Office of General Counsel, United States Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland, 20815, certify that the attached documents are true copies of documents contained in the parole file of **Stephen Buckson,** Register Number **00575-007,** reviewed by me on the date stated below.

IN WITNESS WHEREOF, I have signed this 11th day of July, 2001, and have affixed the seal of the United States Parole Commission.

Sharon Gervasoni
Attorney
U.S. Parole Commission



**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

STEVEN BUCKSON,                   :
           Petitioner        :
                           :
             v.               :   Civil No. 1:CV-01-0935
                           :   (Judge Rambo)
U.S. PAROLE COMMISSION, et al., :
           Respondents       :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on July 16, 2001, she served a copy of the attached

**RESPONDENT'S RECORD IN SUPPORT**
**OF ITS RESPONSE TO HABEAS CORPUS PETITION**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

Steven Buckson
Reg. No. 00575-007
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

SHELLEY L. GRANT
Paralegal Specialist