# ORIGINAL

## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN BUCKSON,
           PETITIONER.                )        CV. NO: 1:CV-01-0935

-vs-                                  )

                                      )

DONALD ROMINE, WARDEN.                )        JUDGE RAMBO
U.S. PAROLE COMMISSION.               )
                  RESPONDENTS,        )

**FILED
HARRISBURG
JUL 2 6 2001
MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK**

---

### PETITIONER'S REPLY TO THE GOVERNMENT'S OPPOSITION TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241.

---

Now Comes Petitioner Steven Buckson, and does hereby file his reply motion in response to the government's opposition motion to his Writ of Habeas Corpus pursuant to 28 U.S.C. 2241. Petitioner does hereby demonstrate as in his first motion that as of now petitioner's rights has been violated under Ex Post Facto Doctrine and Article I § 10 of the United States Constitution.

                          MR. STEVEN J. BUCKSON.
                          REG.NO# 00575-007
                          U.S.P. LEWISBURG.
                          POST OFFICE BOX 1000
                          LEWISBURG, PA. 17837

## STATEMENT OF CASE.

In referance of this motion, this is concerning the matter of the Revitalization Act of 1997. Petitioner has been incarcerated since 1988 and sentence under the old D.C. Code Offender Department Order § 4340.2 § 24-209. Petitioner's sentence is an non-mandatory 15 to life sentence. petitioner is not a federal prisoner, he is only housed in the federal system serving the continuence of his minimum sentence.

After Petitioner's parole hearing on September 21, 1998. He was placed under the New Revitalization Act of 1997. By the United States Parole Commission using this New Revitalization Act of 1997, on the Petitioner allowed the Parole Commission to give the petitioner a continuence after serving 60 months. Which is an harsher penalty than petitioner's old law guide-lines. In addition to the stated under the D.C. Parole guide-lines § 24-209(A), Petitioner is obligated to have an reconsi-deration hearing every 24-months to determine a release date. (See... Legislator History: 1134). Petitioner was scheldule in May 7, 2001 to have an reconsideration hearing, but due to the New Revitalization Act of 1997, has an another subpart that was just handed down in May 7, 2001, which restricted the Petitioner and other D.C. Code Offenders from receiving a re-consideration hearing. On June 2001, petitiioner filed his 2241 argueing the New Revitalization Act of 1997 was ex post facto. On July 16, 2001, the government submitted it's re-sponse to petitioner's 2241 motion, now comes petitioner with his reply to the government's opposition motion.

## STATEMENT OF ARGUMENT.

A.   WHETHER PETITIONER HAS MADE A SUBSTANTIAL SHOW-
     ING OF A VIOLATION OF EX POST FACTO DOCTRINE
     BY THE UNITED STATES PAROLE COMMISSION PLACING
     THE PETITIONER UNDER THE NEW REVITALIZATION ACT
     OF 1997, WHICH SUJECTED THE PETITIONER TO AN
     HARSHER PAROLABLE GUIDELINE RANGE AND PROHIBITS
     ALL RECONSIDERATION HEARINGS.

B.   WHETHER EX POST FACTO APPLIES TO PAROLE CASES
     WHEN THE COMMISSION AMENDS THE OLD GUIDELINES
     WITH NEW HARSHER GUIDELINES AND APPLIES THE
     NEW GUIDELINES TO BE RETROACTIVE TO OLD LAW
     OFFENDERS.

Petitioner will attempt to address the issues presented above from his pro-se interpretation of ex post facto doctrine and the New Revitalization Act of 1997. Petitioner ask that this Honorable Court assist petitioner in this matter by re-viewing the old D.C. Code Parole law and parolable guidelines vs the New U.S. Parole Commission's Revitalization Act of 1997. Petitioner also ask that this Honorable Court construe his 28 U.S.C. § 2241 Motion to "a less stringent standard" than those made by counsel. **Haines v. Kerner**, 404 U.S. 519, 520, 92 S,Ct. 594 (1971).

### ISSUE I

Petitioner had his initial parole hearing after August 5, 1998, and the New Revitalization Act was brought in affect 1997.  But under the old D.C. Order § 4340.2 and 24-209 which was petitioner's parole statute when he was placed in the

-3-

District of Columbia prison system to serve his sentence, which makes D.C. Code offendrs intitled to a Intrim Reconsideration hearing every 24 months. **(See...exhibit-A-atteched).** Therefore, the Revitalization Act of 1997 has canceled petitioner's re-consideration hearing which was schelduled for May 7, 2001, and prohibits all reconsideration hearings. In addition to the stated  the Revitalization Act of 1997, has placed petitioner under a new guideline after the commencement of the offense, which is also a harsher guideline which makes petitioner offense fall under a harsher guideline that in return makes more months be placed on the petitioner before he can be given a parolable sentence. Se... **Cosgrove v. Thornburg,** 703 F.Supp 995, (compare); Indeed the court of appeals noted after a discussion of federal guidelines, that the District of Columbia Board does not employ similar guidelines in making parole decisions. For these reasons the court finds that there are significant differences between the D.C. guidelines and those used by the U.S. Commission. Accordingly, the court finds that the federal defendants may not use it's own guidelines in stead, or in place of the D.c. regu-lations. Also See... **28 C.F.R. Part 2, attachment A, page 3 last paragraph.**

As demonstrated in the **28 C.F.R.** is the Federal Parole, and rehearing guidelines which is different from the D.C. Board of parole Rehearing guidelines that was applied to the petitioner on his schelduled Intrim Rehearing date. Therefore, Petitioner was not seen on May 7, 2001 by the U.S. Parole Commission,

-4-

See

(Exhibit - A-).

OM 031-98(1354)
4/16/98
Attachment A, Page 3

making patterns of the D.C. Board of Parole itself, in order to
determine the extent to which the Board's guideline departures reflect
the factors and correlations under study.

It is the Commission's intent that the guideline system it
ultimately adopts for D.C. Code offenders will be informed by
statistical research that justifies the predictions upon which parole
decisions must necessarily be made. The proposed guideline table that
is published for public comment at this time incorporates factors that
have been traditionally relied upon by both the D.C. Board of Parole
and the U.S. Parole Commission (when making parole decisions for
federally-housed D.C. Code prisoners under D.C. Code 24-209) for
decisions both above and below the guidelines. In light of the research
results, some factors may be given more or less weight than presently
proposed, and others may be dropped from the score in favor of factors
that appear to have greater predictive strength. Although the ``type
risk'' factors that relate to a prisoner's potential for violent
recidivism are given significantly increased weight in the proposed new
scoring system, increased weight is also given to institutional
performance. Positive achievement in prison programs, as well as
negative institutional behavior, will continue to produce appropriate
adjustments to the ``total point score'' each time a prisoner who has
been denied parole appears for a reconsideration hearing.

Proposed Implementation

The Commission proposes that the regulations set forth below be
made effective as interim rules on August 5, 1998, with a further
period for public comment. The Commission proposes to re-evaluate the
rules in the light of further public comment and operational experience
before adopting final rules.

Executive Order 12866 and Regulatory Flexibility Statement

The U.S. Parole Commission has determined that this proposed rule
is not a significant rule within the meaning of Executive Order 12866,
and the proposed rule has, accordingly, not been reviewed by the Office
of Management and Budget. The proposed rule, if adopted, will not have
a significant economic impact upon a substantial number of small
entities within the meaning of the Regulatory Flexibility Act, 5 U.S.C.
605(b).

List of Subjects in 28 CFR Part 2

Administrative practice and procedure, Probation and parole,
Prisoners.

The Proposed Amendment

Accordingly, the U.S. Parole Commission proposes the following
amendment to 28 CFR Part 2.

PART 2--[AMENDED]

1. The authority citation for Part 2 continues to read as follows:

and was placed under a harsher parolable guideline. See...
**Garner** v. **Jones,** 529 U.S. 244, 120 S.Ct 1362, 146 L.Ed.2d 236
(2000), (II Restructive changes in laws governing Parole of
prisoners, in same instances, may be violative of this precept).
See... **Lynce** v. **Mathis,** 519 U.S. 433, 445-446, 137 L.Ed 2d 63,
117 S.Ct 960 (1981); **Morales,** 514 U.S. at 508-509, 131 L.Ed 2d
588, 115 S.Ct. 1597.

The states are prohibited from enacting an ex post facto
law. U.S. Const., Art. I, § 10, C 1. 1. One function of the ex
post facto clause is to bar enactments which by restructive
operation, increases the punishment for a crime after its com-
mission. **Collins** v. **Youngsblood,** 497 U.S. 37, 42, 111 L.Ed 2d
110 S.Ct 2715 (1990), citing **Beazell** v. **Ohio,** 269 U.S. 167, 169
-170 L.Ed 216, 46 S.Ct. 68 (1925).

Also accompanied with this motion is a copy containing
the affects of the Revitalization Act, **(See...exhibits-B-C-and
D-attached),** these exhibits stipulates the changes concerning
the Revitalization Act of 1997, **(Exhibits-B-C-D).** In **Warren v.
U.S. Parole Commission,** 659 F.2d 183, 195 (D.C. Cir. 1981),
Petitioner sentence was under the D.C. Superior Court non- man-
datory 15 to life which petitioner was not sentence in a Federal
District Court, therefore, **Warren,supra,** held that the ex post
facto clause did not prohibit the application of newly- adopted
federal parole guidelines to a prisoner whose crime was com-
mitted and sentence in a federal court.

A: This new law states that on August 5, 1998, the power to grant and deny parole for all D.C. inmates will be transferred from the D.C. Board of Parole to the U.S. Parole Commission.

Q: Will the U.S. Parole Commission apply federal parole procedures and guidelines to D.C. Code inmates?

A: No. The U.S. Parole Commission will apply D.C. parole laws and regulations in making its decisions. The Parole Commission does have the power to amend the rules of the D.C. Board of Parole.

Q: Will I still be eligible for parole?

A: Yes. The new law does not change your eligibility for parole. Your parole eligibility date, mandatory release date, and full term date will continue to be determined according to current laws. You will receive a parole hearing from the U.S. Parole Commission if your hearing date is on or after August 5, 1998.

Q: Do I need to apply for parole?

A: Yes. U.S. Parole Commission application forms will be available at your institution. If you have already applied for parole, but have not had a parole hearing by August 5, 1998, you must reapply using the Parole Commission application form.

Q: Will there be a delay in my parole hearing while authority is being transferred to the U.S. Parole Commission?

Exhibit (D)

- 1 -

...to current time schedules. If you would normally receive a parole hearing on or after August 5, 1998, it will be conducted by examiners from the U.S. Parole Commission.

Q: What happens until August 5, 1998?

A: The D.C. Board of Parole will continue to conduct parole hearings held before August 5, 1998.

Q: What if the D.C. Board of Parole has made a decision in my case before August 5, 1998, but I have not received notification from the Board of Parole?

A: Any decision by the D.C. Board of Parole prior to August 5, 1998 will be adopted by the U.S. Parole Commission, unless new information (such as a serious violation of prison rules) is received by the Parole Commission. Exhibit (C)

★ Q: What changes are being considered?

A: Basic D.C. Board of Parole hearing procedures will remain unchanged. The "point score" guideline system is being reviewed. Changes will be considered, but they will be consistent with the decision-making record already established by the D.C. Parole Board. Any proposed changes will be published for public comment before they are adopted. Federal parole guidelines and laws will not be applied.

Q: What about current court judgments and class-action suits?

A: The D.C. Board will continue to be bound by court judgments and will defend its decisions in court as it presently does. The Parole Commission will not be bound by court

- 2 -

...judgments against the D.C. Board of Parole, but will consider these judgments in the revised rules it adopts.

Q: Will federal parole eligibility and good time rules apply on August 5, 1998?

★ A: No. Your parole eligibility and good time credits will continue to be determined under current D.C. laws. (Federal good time rules will apply to inmates whose offense date is on or after August 5, 2000.) Youth Rehabilitation Act sentences will be carried out as before.

Q: How long will the Lorton complex remain open?

A: The Revitalization Act requires that all D.C. Code sentenced felons be transferred to facilities operated or contracted for by the Bureau of Prisons no later than December 31, 2001.

Q: What will happen if I am transferred to a federal institution before August 5, 1998?

A: Your parole hearings will be conducted at that institution by the U.S. Parole Commission using D.C. guidelines and procedures. Exhibit (D)

Q: Will parole be abolished in the District of Columbia?

A: The D.C. Revitalization Act requires the District to abolish parole for some types of crimes, but this will only apply to defendants who commit crimes on or after August 5, 2000. If you are serving a parolable sentence, it will not be affected.

Q: What will happen to the D.C. Board of Parole?

- 3 -

Petitioner was sentence in the D.C. Superior Court which is not
federal.

See... **California Dept. of Correction v. Morales**, 514 U.S.
499, 509, 131 L.Ed 2d 588, 115 S.Ct 1597 (1995) a change in
parole policy violates the ex post facto clause if it creates
a sufficient or substantial risk that the class of offenses
committed before the Revitalization Act of 1997 and sentence
under the D.C. board of parole affected by the change will is-
sue a longer sentence as a result, **(146 L.Ed 2d. 250 )**.

Therefore, it should clearly state in the legislation
(Bill 13-696) of the Revitalization Act of 1997 that it does
not intend for prison sentence to increases to (28-CFR) due to
the abolshment of the D.C. Board of Parole: Which stated in
the Revitalization Act; This act will aonly apply to offenses
commited aᶠfter August 5, 1998: The ligislator should give
minimal discration to judges that as in the current system
(D.C. Board of Parole and offense committed before the Revitali-
zation Act), prison time issued should not exceed the longest
possible minimum sentence. The U.S. Parole Commission has done
just contrary to it's stipulated facts. **(See...exhibit-A-)**.

In the government's opposition to petitioner's 2241 Motion
at pg. 5, the government makes statement that are not supported
by factual evidence. The gvernment stated in it's opposition
motion that Buckson could have come under the commission's
jurisdiction prior to the Revitalization Act of 1997,

-6-

```
5H    PAR31  540*23 *            SENTENCE MONITORING        *    03-03-2001
PAGE 002        *               COMPUTATION DATA       *      05:39:51
                                AS OF 03-03-2001

REGNO..: 00575-007 NAME: BUCKSON, STEPHEN J
```

-------------------------CURRENT COMPUTATION NO: 020 ----- *Exhibit (A)-Part of*

COMPUTATION 020 WAS LAST UPDATED ON 04-18-2000 AT LEW AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

```
DATE COMPUTATION BEGAN.........: 06-08-1989
TOTAL TERM IN EFFECT...........: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE

JAIL CREDIT....................:    FROM DATE      THRU DATE
                                   11-17-1988     06-07-1989

TOTAL JAIL CREDIT TIME..........: 203
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: 11-28-1998
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE....:..: LIFE

NEXT PAROLE HEARING DATE........: 05-07-2001
TYPE OF HEARING.................: STATUTORY INTERIM HEARING

PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE
```

REMARKS........: COMPUTATION PROVIDED BY THE D. C. DEPARTMENT OF CORRECTIONS.
                PAROLE ELIGIBILITY DATE REFLECTS 15 DAYS OF EDUCATIONAL
                GOOD TIME CREDITS.

```
G0002      MORE PAGES TO FOLLOW . . .
```

the act is not ex post facto with respect to the commission's jurisdiction over Buckson. **(Government's opposition pg. 5).** However, because these allegations are not supported by evidence petitioner should be granted a hearing and discovery as warranted in **Towsend v. Sain,** 372 U.S. at 313 (1963), See also 8.4 (misconduct) D.C. Code preffessional conduct.

Petitioner ask that this Honorable Court find by the U.S. Parole Commission placing petitioner under the New Revitalization Act of 1997, which in return caused petitioner to suffer a harsher porable guideline range and also restricted him from his rehearing within 24 months of his initial prole hearing. caused petitioner to suffer ex post facto in violation of the U.S. Constitution.

Petitioner swears that all the information contained within this motion is true and correct to the best of his knowledge and belief.

CC:
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF
PENNSYLVANIA.

RESPECTFULLY SUBMITTED

MR. STEVEN BUCKSON, PRO-SE
REG.NO# 00575-007
U.S.P. LEWISBURG.
POST OFFICE BOX 1000
LEWISBURG, PA. 17837

-7-

# CERTIFICATE OF SERVICE

I, STEVEN BUCKSON PETITIONER , hereby certify, under the penalty of perjury, that I have mailed a true copy of the foregoing document(s) to those listed below at the address listed with the proper amount of first class postage prepaid by placing same in the institutional legal mailbox at the United States Penitentiary at Lewisburg, Pennsylvania this   23   day of

JULY           , 2001

This same day I have mailed in the same way an original and 2   copies of the foregoing documents(s) to the Clerk of the Court.

CC:
UNITED STATES DISTRICT.
ATTORNEY FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA.

RESPECTFULLY SUBMITTED

MR. STEVEN J. BUCKSON.
PRO-SE PETITIONER.
REG.NO# 00575-007
U.S.P. LEWISBURG.
POST OFFICE BOX 1000
LEWISBURG, PA. 17837

-8-